IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES LEE BURGESS,<br>　　　　Petitioner,<br>　vs.<br>B. CURRY, Warden, et al.,<br>　　　　Respondent(s). | No. C 06-07410 JW (PR)<br><br>ORDER TO SHOW CAUSE |

Petitioner, a state prisoner incarcerated at the Correctional Training Facility in Soledad, California, has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging the California Board of Prison Terms' ("BPT") June 9, 2004 decision to deny him parole. Petitioner has paid the filing fee.

**BACKGROUND**

Petitioner was convicted in the Superior Court of the State of California in and for Orange County of second degree murder and sentenced to 15 years to life in state prison with a two year gun enhancement. (Pet. at 6.)

Petitioner has been found not suitable for parole each time he has appeared

Order to Show Cause
N:\Pro - Se\7.2.2007\06-07410 Burgess07410_osc.wpd

before the BPT. On April 12, 2006, the Supreme Court of California denied his challenge to the BPT's latest decision of July 1, 2005.

## DISCUSSION

A. <u>Standard of Review</u>

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." <u>Id.</u> § 2243.

B. <u>Legal Claims</u>

Petitioner seeks federal habeas corpus relief from the BPT's June 9, 2004 decision finding him not suitable for parole on the ground that the decision was not based on some evidence. Petitioner also claims that the BPT's failure to set a parole release date in accordance with California regulations has resulted in him serving a sentence that is disparate and disproportionate in violation of the Eighth Amendment and due process. Petitioner's third claim is that the failure to provide a board panel which is representative of the State of California has resulted in a biased, partisan and unfair hearing panel in violation of due process. Liberally construed, petitioner's claims appear cognizable under § 2254 and merit an answer from respondent.

## CONCLUSION

For the foregoing reasons and for good cause shown,

1. The clerk shall serve by certified mail a copy of this order and the

Order to Show Cause
N:\Pro - Se\7.2.2007\06-07410 Burgess07410_osc.wpd       2

petition and all attachments thereto on respondent and respondent's attorney, the Attorney General of the State of California. The clerk also shall serve a copy of this order on petitioner.

    2.    Respondent shall file with the court and serve on petitioner, within **sixty (60) days** of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within **thirty (30) days** of his receipt of the answer.

    3.    Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within **thirty (30) days** of receipt of the motion, and respondent shall file with the court and serve on petitioner a reply within **fifteen (15) days** of receipt of any opposition.

    4.    Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel. Petitioner must also keep the court and all parties informed of any change of address.

DATED:   June 29 2007

JAMES WARE  
United States District Judge

Order to Show Cause  
N:\Pro - Se\7.2.2007\06-07410 Burgess07410_osc.wpd        3