IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES LEE BURGESS,              )<br>               Petitioner,    )<br>      vs.                              )<br>BEN CURRY, Warden,         )<br>               Respondent.    )<br>_____ ) | No. C 06-07410 JW (PR)<br><br>ORDER DENYING PETITION FOR<br>A WRIT OF HABEAS CORPUS<br><br><br>(Docket Nos. 18 & 19) |

Petitioner, a state prisoner currently incarcerated at the Correctional Training Facility in Soledad proceeding pro se, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the California Board of Prison Terms' ("BPT") June 9, 2004 decision denying him parole. This Court found that the petition stated cognizable claims and ordered respondent to show cause why the petition should not be granted. Respondent filed an answer addressing the merits of the petition, and petitioner filed a traverse.

**BACKGROUND**

In 1987, petitioner was convicted of second degree murder with the use of a firearm and was sentenced to 17 years to life in state prison. Following petitioner's

Order Denying Petition for a Writ of Habeas Corpus
G:\PRO-SE\SJ.JW\HC.06\Burgess07410_denyHC.wpd

third parole suitability hearing on June 9, 2004, the BPT denied petitioner parole. Petitioner challenged the BPT's decision denying him parole in the state superior, appellate, and supreme courts on the grounds that his due process rights were violated. The California Supreme Court summarily denied his petition on June 14, 2006. Petitioner filed the instant federal habeas petition on December 4, 2006.

## DISCUSSION

### A.  Standard of Review

This Court will entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The petition may not be granted with respect to any claim adjudicated on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Id. § 2254(d).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." Williams (Terry) v. Taylor, 529 U.S. 362, 412-413 (2000). "Under the 'reasonable application clause,' a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. at 413.

"[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied

clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 411. "[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was 'objectively unreasonable.'" Id. at 409.

A federal habeas court may grant the writ if it concludes that the state court's adjudication of the claim "results in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28. U.S.C. § 2254(d)(2). The court must presume correct any determination of a factual issue made by a state court unless the petitioner rebuts the presumption of correctness by clear and convincing evidence. 28. U.S.C. § 2254(e)(1).

Where, as here, the highest state court to consider the petitioner's claims issued a summary opinion which does not explain the rationale of its decision, federal review under § 2254(d) is of the last state court opinion to reach the merits. See Ylst v. Nunnemaker, 501 U.S. 797, 801-06 (1991); Bains v. Cambra, 204 F.3d 964, 970-71, 973-78 (9th Cir. 2000). In this case, the last state court opinion to address the merits of petitioner's claim is the opinion of the Orange County Superior Court.

**B.    Claims and Analysis**

1.    Some Evidence Standard

Petitioner claims that the BPT's decision denying him parole violated his right to due process. (Pet. at 6a 1.) The instant case involves petitioner's third parole consideration hearing, held on June 9, 2004. Id. Petitioner asserts that the BPT's decision denying him parole based on their determination that he posses a current risk to society was not supported by some evidence. Id. He contends that the BPT has relied upon the same evidence, *i.e.*, his commitment offense, each time it denied him parole. Id.

The Supreme Court has clearly established that a parole board's decision

Order Denying Petition for a Writ of Habeas Corpus
G:\PRO-SE\SJ.JW\HC.06\Burgess07410_denyHC.wpd         3

deprives a prisoner of due process if the board's decision is not supported by "some evidence in the record," or is "otherwise arbitrary." Sass v. California Bd. of Prison Terms, 461 F.3d 1123, 1128-29 (9th Cir. 2006) (adopting "some evidence" standard for disciplinary hearings outlined in Superintendent v. Hill, 472 U.S. 445, 454-55 (1985)); see McQuillion v. Duncan, 306 F.3d 895, 904 (9th Cir. 2002) (same). The relevant question is whether there is any evidence in the record that could support the conclusion reached by the Board. See Hill, 472 U.S. at 455. An examination of the entire record is not required, neither is an independent assessment of the credibility of witnesses nor weighing of the evidence. See id. Additionally, the evidence underlying the board's decision must have some indicia of reliability. McQuillion, 306 F.3d at 904;  Jancsek v. Oregon Board of Parole, 833 F.2d 1389, 1390 (9th Cir. 1987)). Accordingly, if the board's determination of parole suitability is to satisfy due process, there must be some evidence, with some indicia of reliability, to support the decision. Rosas v. Nielsen, 428 F.3d 1229, 1232 (9th Cir. 2005); McQuillion, 306 F.3d at 904.

When assessing whether a state parole board's suitability determination was supported by "some evidence," the court's analysis is framed by the statutes and regulations governing parole suitability determinations in the relevant state. Irons v. Carey, 505 F.3d 846, 850 (9th Cir. 2007). Accordingly, in California, the court must look to California law to determine the findings that are necessary to deem a prisoner unsuitable for parole, and then must review the record in order to determine whether the state court decision holding that these findings were supported by "some evidence" constituted an unreasonable application of the "some evidence" principle articulated in Hill. Id.; see Hayward v. Marshall, 512 F.3d 536, 547-548 (9th Cir. 2008); Irons, 505 F.3d at 852-53 (finding state court did not unreasonably apply "some evidence" standard to uphold parole suitability denial where there was some evidence at the time of the hearing to support a finding that the prisoner would present a danger to society based on the nature of the commitment offense under the

applicable parole regulations).

California law makes clear that the "'findings that are necessary to deem a prisoner unsuitable for parole,' are not that a particular factor or factors indicating unsuitability exist, but that a prisoner's release will unreasonably endanger public safety." Hayward, 512 F.3d at 543 (citations omitted). Accordingly, the test is not whether some evidence supports the reasons cited for denying parole, but whether some evidence indicates a parolee's release unreasonably endangers public safety. "Some evidence of the existence of a particular factor does not necessarily equate to some evidence the parolee's release unreasonably endangers public safety." Id. (citations omitted) (concluding that factual findings relied upon by governor had no evidentiary support in the record to support a determination that petitioner's release would unreasonably endanger public safety and therefore Governor's reversal denied petitioner due process).

A relevant factor in determining whether the evidence underlying the board's decision has some indicia of reliability is whether the prisoner was afforded an opportunity to appear before, and present evidence to, the board. See Pedro v. Oregon Parole Bd., 825 F.2d 1396, 1399 (9th Cir. 1987), cert. denied, 484 U.S. 1017 (1988). When applying these standards, the court may look to whether a prisoner's allegations of any violations by the board are of a "minor" nature, whether they are supported in fact, whether the prisoner had an opportunity to participate, and whether he took full advantage of that opportunity. See Morales v. California Dep't of Corrections, 16 F.3d 1001, 1005 (9th Cir. 1994); see also McQuillion, 306 F.3d at 900 (acknowledging general right to call witnesses at parole rescission hearing).

The record shows that on June 9, 2004, petitioner appeared with counsel before the BPT for his third parole consideration hearing. The presiding commissioner explained that in assessing whether petitioner was suitable for parole, the panel would consider factors such as the nature and number of crimes he was committed for, his prior criminality, social history, and his behavior and

1    programming since his commitment. See Hr'g Tr. at 6 (Resp't Ex. E). The panel
2    would also consider petitioner's progress since the last hearing, any new psychiatric
3    reports, and any other information that may have a bearing on petitioner's suitability
4    for parole. Id. The commissioner also explained that petitioner and his counsel
5    would be given an opportunity to make corrections or clarifications to the record as
6    they deemed necessary, as well as an opportunity to make a final statement before
7    the panel recessed for deliberations. Id. at 7. Finally, the commissioner confirmed
8    with petitioner that the panel appeared to be fair and impartial, as required. Id.

9    The panel then discussed with petitioner the facts of the crime, petitioner's
10   criminal and social history, his post conviction factors, and parole plans. Id. at 13-
11   27, 30-36. The panel also reviewed petitioner's psychological evaluation dated May
12   4, 2004. Id. at 28-30. In closing, the panel heard final statements from petitioner
13   and his attorney. Id. at 48-53.

14   After deliberations, the panel concluded that petitioner was "not suitable for
15   parole and would pose an unreasonable risk of danger to society or a threat to public
16   safety if released from prison." Id. at 58. Specifically, the BPT found that the crime
17   was carried out in an especially callous manner, multiple victims were involved, and
18   that the motive for the crime was inexplicable. Id. at 58. The BPT also found that
19   petitioner has an unstable social history involving alcohol abuse. Id. For factors
20   tending to support suitability for parole, the BPT found that petitioner's
21   psychological evaluation determined he would be a normal risk to public safety, that
22   his parole plans were realistic, and that he recognizes his substance abuse problem.
23   Id. at 60. The BPT also noted petitioner's involvement in positive self-help
24   programs in prison and his exceptional work reports in vocational programs. Id. at
25   61. Nevertheless, the panel found that factors weighed against suitability and
26   determined that a one-year denial was necessary for petitioner to make more positive
27   gains. Id. at 58-59.

28   The superior court upheld the decision of the BPT, and the state appellate and

supreme courts summarily affirmed.  The superior court relied on the California Supreme Court's decision in In re Dannenberg, 34 Cal. 4th 1061 (2005), stating that "if the BPT determined the gravity of the commitment offense 'is such that consideration of the public safety requires a more lengthy period of incarceration,' is may deny parole without proceeding to consider and analyze the other suitability factors such as prison behavior and parole plans."  In re Burgess, No. M-10392, slip op. at 2 (Cal. Super. Ct., April 4, 2005) (Resp't Ex. F).  In other words, there was "some evidence" to support the BPT's decision that petitioner would pose an unreasonable risk to public safety and therefore to deny parole.  Accordingly, the state court's rejection of this claim was not contrary to, or an unreasonable application of, the Hill standard, or was it based on an unreasonable determination of the facts.  28 U.S.C. § 2254(d).  The BPT's June 9, 2004 decision to deny petitioner parole after his third parole consideration hearing is supported by some evidence in the record and that evidence bears some indicia of reliability.  See Pedro, 825 F.2d at 1399; see, e.g., Rosas, 428 F.3d at 1232-33 (upholding denial of paroled based on gravity of offense and psychiatric reports); Biggs v. Terhune, 334 F.3d 910, 919 (9th. Cir. 2003) (upholding denial of parole based solely on gravity of offense and conduct prior to imprisonment); Morales, 16 F.3d at 1005 (upholding denial of paroled based on criminal history, cruel nature of offense, and need for further psychiatric treatment).

     The inquiry under Hill is simply "whether there is any evidence in the record that could support the conclusion reached by the [BPT]." Hill, 474 U.S. at 455-56 (emphasis added).  There is - the facts surrounding the crime reasonably suggested that it was carried out in a cruel and callous fashion and petitioner's unstable social history for alcohol abuse.  Cf. Cal. Code of Regs. tit 15, § 2041(c) & (d) (listing circumstances tending to show unsuitability for parole and circumstances tending to show suitability).  It is not up to this Court to "reweigh the evidence." Powell, 33 F.3d at 42.

### 2. California's Sentencing Matrices

Petitioner claims that the BPT's failure to set his release in accordance with the sentencing matrices contained in the California Penal Code has resulted in a disproportionate sentence, violating his liberty interest in parole. (Pet. at 6a 13.) Petitioner names more than a dozen former inmates who were incarcerated for similar offenses and who were granted parole. (Pet. at 6a 14.) Petitioner contends that the facts of his case are very similar to the facts of those inmates' cases, and therefore the BPT's decision to deny him parole demonstrates that the BPT acted in an arbitrary and capricious manner in violation of due process. Id.

California's parole scheme uses mandatory language and is largely parallel to the schemes found in Board of Pardons v. Allen, 482 U.S. 369, 376-78 (1987), and Greenholtz v. Inmates of Nebraska Penal & Corr. Complex, 442 U.S. 1, 7 (1979), to give rise to a protected liberty interest in release on parole. Therefore, California prisoners cannot be denied a parole date (*i.e.*, the parole board cannot decline to grant a parole date and cannot rescind an already-granted parole date) without adequate procedural protections necessary to satisfy due process. See Irons, 505 F.3d at 850. As discussed above, petitioner was afforded all the procedural protections necessary to satisfy due process during his third parole consideration hearing. (See *supra* at 7.)

In response to petitioner's claim that the continual denial of parole has resulted in a disproportionate sentence inconsistent with California's sentencing matrices, respondent argues that this claim does not raise a federal question being grounded in state law. Respondent is correct. The California Supreme Court has determined that, under California law, a prisoner must be found suitable for parole before the parole authority has a duty to set a parole date. See In re Dannenberg, 34 Cal. 4th 1061 (2005). The state high court's determination of state law in Dannenberg is binding in this federal habeas action. See Hicks v. Feiock, 485 U.S. 624, 629-30 (1988). Under state law, the BPT is charged with making parole

1   decisions for indeterminate sentence prisoners such as petitioner.  Petitioner does not

2   contend that he has been found suitable for parole, so there can be no claim that state

3   law requires that a parole date be set for him.

4         Accordingly, the state court's rejection of this claim was not contrary to, or

5   an unreasonable application of, clearly established federal law, nor based on an

6   unreasonable determination of the facts in light of the evidence presented.  Id. §

7   2254(d).  Federal habeas relief is denied on this claim.

8         3.      The Composition of the BPT

9         Petitioner claims that the BPT is biased, and that it fosters a "no

10   parole"environment.  (Pet. at 6a 20-21.)  Petitioner also asserts that it is the policy of

11   the State of California to appoint BPT members from law enforcement backgrounds.

12   Id.  Petitioner claims his right to be judged by a non-partisan hearing panel was

13   violated because the BPT is systematically biased.  Id.

14         Respondent contends that petitioner bears the burden of demonstrating the

15   truth of his allegations in a habeas corpus proceeding.  (Resp't at 16 (citing Johnson

16   v Zerbst, 304 U.S. 458, 468-69 (1938)).  Respondent maintains that a "generalized

17   grievance against an alleged and unsubstantiated 'anti-parole' policy" is insufficient

18   to meet this burden.  Id.  Additionally, respondent points out that at petitioner's

19   parole hearing, he explicitly stated that he did not believe that the panel members

20   would be unfair.  Id.; (see *supra* at 6).

21         A prisoner is entitled to have his release date considered by a parole board

22   that is free from bias or prejudice.  O'Bremski v. Maas, 915 F.2d 418, 422 (9th Cir.

23   1990) (citing Schweiker v. McClure, 456 U.S. 188, 195 (1982); Morrissey v.

24   Brewer, 408 U.S. 471, 489 (1972); and Sellars v. Procunier, 641 F.2d 1295, 1303

25   (9th Cir. 1981)).  However, petitioner's claim fails because he failed to offer any

26   evidence in support of his assertions, including a showing of bias by any of the

27   individual commissioners on the BPT panel.  Petitioner's claim that the composition

28   of the BPT has resulted in a no-parole policy is conclusory, and petitioner fails to

Order Denying Petition for a Writ of Habeas Corpus
G:\PRO-SE\SJ.JW\HC.06\Burgess07410_denyHC.wpd      9

cite any authority indicating that former police officers may not serve as commissioners. Furthermore, petitioner and his counsel declined to object to the panel at the hearing. (Resp't Ex. E at 6.) He may not now attack the composition of the BPT simply because he received an unfavorable decision. Accordingly, the state court's rejection of this claim was not contrary to, or an unreasonable application of, clearly established federal law, nor based on an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254(d). Petitioner's claim does not merit federal habeas relief.

## CONCLUSION

For the foregoing reasons, the petition for a writ of habeas corpus is DENIED on the merits. Petitioner's motion for appointment of counsel (Docket No. 18) and motion for relief from default (Docket No. 19) are DENIED as moot.

DATED:  May 30, 2008

JAMES WARE
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

JAMES L. BURGESS,

        Petitioner,

  v.

B. CURRY, Warden,

        Respondent.

Case Number: CV06-07410 JW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 5/30/2008 , I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

James Lee Burgess D-60219
Correctional Training Facility
P. O. Box 689
Soledad, Ca 93960-0689

Dated: 5/30/2008

                Richard W. Wieking, Clerk
            /s/ By: Elizabeth Garcia, Deputy Clerk